

NUMBER 13-08-110-CV

# COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

ANTONIO SALINAS, JR. AND SAN JUANA
SALINAS, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVES OF THE ESTATE OF
TIFFANY MARIE SALINAS, DECEASED,                    Appellants,

v.

JOHN W. KRISTENSEN, M.D.,                                   Appellee.

---

**On appeal from the 197th District Court
of Cameron County, Texas.**

---

# DISSENTING MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Dissenting Memorandum Opinion by Justice Vela**

I agree with the majority's holding that the trial court did not err in refusing to apply

the doctrine of parental immunity because we must presume the omitted portions of the

trial court's record support the trial court's judgment. However, I disagree with the majority's holding that the trial court improperly entered a take-nothing judgment against the parents. I would hold that the trial court was correct because the parents are a single claimant under the plain language of chapter 33 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.011 (Vernon 2008).

I believe the analysis should begin with the fact that this case was brought as a wrongful death and survival action. Only the spouse, children, and parents of the deceased may seek damages under the wrongful death statute. *See id.* § 71.004(a) (Vernon 2008). Here, both parents were entitled to recover damages for the death of their child. *Id.* Each individual wrongful death beneficiary has the right to recover damages proportionate to his or her injury, but there is but one sum to be recovered and divided among them in a single action. *Tex. & P. Ry. Co. v. Wood*, 145 Tex. 534, 199 S.W.2d 652, 654 (1947). While it is true that damages for a wrongful death action are for the exclusive benefit of the beneficiaries and are meant to compensate them for their own personal loss, the cause of action is still entirely derivative of the decedent's rights. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 71.003(a), 71.004(a); *In re Labatt Food Service, L.P.*, 279 S.W.3d 640, 646 (Tex. 2009).

Section 33.001, discussing proportionate responsibility, provides that "a claimant may not recover damages if his percentage of responsibility is greater than 50 percent." TEX. CIV. PRAC. & REM. CODE ANN. § 33.001 (Vernon 2008). In an action in which a party seeks damages for death or harm to another person, a claimant includes both that person and "any person who is seeking, has sought or could seek recovery for the injury, harm or

2

death of that person . . ." *Id*. § 33.011 (1)(A)(B).  The chapter applies to any tort cause of action in which a defendant, settling person or responsible third party is found responsible for a percentage of harm for which relief is sought.  *Id*. § 33.002.  This would include both wrongful death and survival actions.

In *Drilex Systems, Inc. v. Flores*, 1 S.W.3d 112 (Tex. 1999), in the context of a settlement credit issue, the supreme court determined that family members, seeking recovery for the death of their father, were considered a single claimant under chapter 33.  There, the court found that the court of appeals erred in treating each of the family members as individual claimants rather than one claimant.  *Id.* at 122.  Under the plain language of section 33.011(1), the term "claimant in section 33.012(b)(1) includes all family members." *Id.*  Likewise, the term "claimant" in section 33.012(a) must also include all family members.  The supreme court utilized the following reasoning in *Drilex*:

> If the Legislature had intended that each of the parties seeking recovery for damages for the same person be treated as individual claimants, it could easily have written the statute as follows:  "In an action in which a party seeks recovery of damages to another person . . . *both that other person and the party seeking recovery of damages are claimants."* Instead, the Legislature provided that "'claimant' includes both that other person and the party seeking recovery of damages."

*Id.* (emphasis in original) (quoting Tex. Civ. Prac. & Rem. Code Ann. § 33.011(1))

The majority distinguishes *Drilex* on the basis that unlike the instant case, *Drilex* involved a settlement credit issue.  I believe that this is a distinction without a difference.  The court in *Drilex* analyzed the definition of claimant under chapter 33.  *See id.*  That definition is applicable to a wrongful death and survival action and applies here, as well.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.011(1) (A)(B).  Because the parents, wrongful death beneficiaries, constitute a single claimant under the statute, their collective

3

responsibility, which was greater than fifty percent, precluded recovery under section 33.001.

I would depart from our previous holding in *Sanchez v. Brownsville Sports Ctr. Inc.*, where this Court held that because each parent was entitled to recover for the death of a child, each was a claimant. 51 S.W.3d 643, 656 (Tex. App.–Corpus Christi 2001), *vacated w.r.m. sub nom. Honda Motor Co. v. Sanchez*, No. 01-1040, 2003 Tex. LEXIS 8, at *1(Tex. Feb. 6, 2003). In our original opinion, we relied on *Avila v. St. Luke's Lutheran Hospital,* 948 S.W.2d 841, 850 (Tex. App.–San Antonio 1992, writ denied), as authority for the proposition that "although only one cause of action exists in this wrongful death case, each of the parents is entitled to recover for the wrongful death of their son." *Sanchez*, 51 S.W.3d at 656. I agree with the proposition that each parent may recover for the wrongful death of a child, but I do not think that it logically follows that they are separate claimants under the statute when the plain language of the statute clearly states that a claimant includes both that other person and the party seeking recovery. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.0011(1). *Avila* concerned a second wrongful death suit brought by a beneficiary who had not been a party to a first wrongful death suit that had been previously adjudicated. *Avila*, 948 S.W.2d at 845. The *Avila* court determined that the summary judgment should be reversed because the beneficiary in the second suit was not in privity with the plaintiffs in the first action. *Id.* at 855. *Avila* did not resolve the issue of who is a claimant under chapter 33. *Seminole Pipeline v. Broad Leaf Partners*, cited in *Sanchez*, is also not on point. 979 S.W.2d 730 (Tex. App.–Houston [14th Dist.] 1998, no pet.). It was not a wrongful death or survival case; rather, it dealt with property damaged by an explosion.

4

I would overrule our prior decision in *Sanchez*, follow *Drilex,* as we are bound to do as an intermediate court, and affirm the judgment of the trial court.


ROSE VELA
Justice


Delivered and filed the 25th
day of November, 2009.