Affirmed and Memorandum Opinion filed February 10, 2005









Affirmed and Memorandum Opinion filed February 10, 2005.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00537-CV

_______________

 

NANCY MULLIGAN AND
JEREMY MAY, Appellants

 

V.

 

EFRAIN GARZA,
Appellee

_______________________________________________________________

 

On Appeal from the 133rd District Court

Harris County, Texas

Trial Court Cause No. 01-43920

_______________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

In
this automobile collision case, Nancy Mulligan and Jeremy May appeal a judgment
finding May forty percent negligent and awarding each of them damages of only
$250 on the grounds that: (1) the trial court erred by excluding from evidence
a written statement disclosing May=s previous injuries; (2) the evidence
was legally and factually insufficient to support the finding that May was
negligent; and (3) the damage finding is against the great weight and
preponderance of the evidence and manifestly unjust.  We affirm.








May
and Mulligan=s first issue challenges the trial
court=s exclusion of his written statement,
showing that he had disclosed previous neck and back injuries to Garza=s insurance company.  May contends that this statement was properly
offered to rebut the defense argument that he had lied about his previous
injuries.  A trial court=s evidentiary ruling is reviewed for
abuse of discretion,[1]
and is upheld if there is any legitimate basis for it in the record.  Drilex Sys. Inc. v. Flores, 1 S.W.3d
112, 119-20 (Tex. 1999).

Because
he was not present at trial, May=s trial testimony consisted of his
video-taped deposition taken in September of 2002.  In that deposition testimony, May admitted he
had previously suffered, and received medical treatment for, the same type of
injuries he claimed to have sustained in the collision (the Acollision@) with Garza.  He was then cross-examined in that deposition
on deposition testimony he had given in May of 2002 in which he stated that he
had never suffered, or been treated for, any such injuries.

The
morning after May=s video deposition was played for the jury, his counsel
offered into evidence a portion of an unsworn written statement (the Astatement@) that May had allegedly given to
Garza=s insurance company in 1999 before
the lawsuit was filed.  The offered
portion stated, AI previously sustained an injury to my neck, back and
shoulders playing rugby in April 1999.@ 
The statement was offered Aas a prior consistent statement to
rebut the charge of fabrication or undue influence under Rule 801.@ 
Counsel later offered the statement a second time to prove only that the
statement was made (not the truth of the matter asserted), and then a third
time after Garza=s closing argument to rebut Garza=s arguments challenging May=s credibility.








Although
the trial court=s exclusion of the statement can be upheld for various
reasons that are specific to each offer of the statement, a single ground of
objection asserted at trial by Garza, and that applies to all, is that the
statement was not designated on the exhibit list required under the trial court=s Trial Preparation Order.  Because May and Mulligan=s brief on appeal does not mention or
address this ground in any way, it provides us no basis to conclude that it was
not a valid objection.  Therefore, May
and Mulligan=s first issue fails to demonstrate
error in excluding the statement and is overruled.

May
and Mulligan=s second issue challenges the legal and
factual sufficiency of the evidence supporting the finding of negligence by May
because: (1) there was no evidence that May had any reasonable opportunity to
avoid the accident or acted unreasonably in any way; and (2) finding him liable
for entering an intersection on a green light was clearly wrong and manifestly
unjust.

A
legal sufficiency review considers the evidence in the light that supports the
disputed finding, indulges every inference in its favor, and disregards
evidence and inferences to the contrary[2]
to determine if more than a scintilla of evidence supports the challenged
finding.  Tarrant Reg=l Water Dist. v. Gragg, 151 S.W.3d 546, 552 (Tex.
2004).  A factual sufficiency review
considers all of the evidence to determine whether the verdict is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust.  Mar. Overseas Corp. v. Ellis, 971 S.W.2d
402, 406-07 (Tex. 1998).

In
this case, Garza testified that, while the light at the intersection was still
yellow, he tried to stop, but slid into the intersection before the light
turned red.  This is legally sufficient
evidence that, when May entered the intersection, the light was either still
red for him, or, if it was green, Garza=s vehicle was already in the
intersection and May failed to avoid colliding with it.  Although the evidence of May=s negligence was controverted, it did
not render the verdict so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. 
Accordingly, May and Mulligan=s second issue is overruled.








May
and Mulligan=s third issue contends that the jury=s award of $250 damages to each of
them is against the great weight and preponderance of the evidence and is
manifestly unjust.  However, Mulligan=s doctor testified that the test he
performed did not indicate the cause of her elbow injury, but that it was
usually not caused by the type of trauma she probably experienced in the
accident.  The doctor further admitted on
cross-examination that he originally attributed her condition to the accident
only because she had not disclosed her previous injuries to him.  Similarly, May=s evidence contained inconsistencies
regarding the extent to which he had previously suffered the injuries he
claimed to result from the collision. 
Under these circumstances, the jury=s award was not against the great
weight and preponderance of the evidence. 
Accordingly, May and Mulligan=s third issue is overruled, and the
judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed February 10, 2005.

Panel consists of
Justices Yates, Edelman, and Guzman.

 

 











[1]           Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.3d 887, 906 (Tex. 2000).





[2]           Wal‑Mart
Stores, Inc. v. Canchola, 121 S.W.3d 735, 739 (Tex. 2003).