NUMBER 13-08-110-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 

 

ANTONIO SALINAS, JR. AND SAN JUANA

SALINAS, INDIVIDUALLY AND AS PERSONAL

REPRESENTATIVES OF THE ESTATE OF

TIFFANY MARIE SALINAS, DECEASED, Appellants,

 

v. 


JOHN W. KRISTENSEN, M.D., Appellee.

 


On appeal from the 197th District Court 

of Cameron County, Texas.


 


DISSENTING MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Dissenting Memorandum Opinion by Justice Vela



 I agree with the majority's holding that the trial court did not err in refusing to apply
the doctrine of parental immunity because we must presume the omitted portions of the
trial court's record support the trial court's judgment. However, I disagree with the
majority's holding that the trial court improperly entered a take-nothing judgment against
the parents. I would hold that the trial court was correct because the parents are a single
claimant under the plain language of chapter 33 of the Texas Civil Practice and Remedies
Code. See Tex. Civ. Prac. & Rem. Code Ann. § 33.011 (Vernon 2008). 

 I believe the analysis should begin with the fact that this case was brought as a
wrongful death and survival action. Only the spouse, children, and parents of the
deceased may seek damages under the wrongful death statute. See id. § 71.004(a)
(Vernon 2008). Here, both parents were entitled to recover damages for the death of their
child. Id. Each individual wrongful death beneficiary has the right to recover damages
proportionate to his or her injury, but there is but one sum to be recovered and divided
among them in a single action. Tex. & P. Ry. Co. v. Wood, 145 Tex. 534, 199 S.W.2d 652,
654 (1947). While it is true that damages for a wrongful death action are for the exclusive
benefit of the beneficiaries and are meant to compensate them for their own personal loss,
the cause of action is still entirely derivative of the decedent's rights. See Tex. Civ. Prac.
& Rem.Code Ann. §§ 71.003(a), 71.004(a); In re Labatt Food Service, L.P., 279 S.W.3d
640, 646 (Tex. 2009). 

 Section 33.001, discussing proportionate responsibility, provides that "a claimant
may not recover damages if his percentage of responsibility is greater than 50 percent." 
Tex. Civ. Prac. & Rem. Code Ann. § 33.001 (Vernon 2008). In an action in which a party
seeks damages for death or harm to another person, a claimant includes both that person
and "any person who is seeking, has sought or could seek recovery for the injury, harm or
death of that person . . ." Id. § 33.011 (1)(A)(B). The chapter applies to any tort cause of
action in which a defendant, settling person or responsible third party is found responsible
for a percentage of harm for which relief is sought. Id. § 33.002. This would include both
wrongful death and survival actions. 

 In Drilex Systems, Inc. v. Flores, 1 S.W.3d 112 (Tex. 1999), in the context of a
settlement credit issue, the supreme court determined that family members, seeking
recovery for the death of their father, were considered a single claimant under chapter 33. 
There, the court found that the court of appeals erred in treating each of the family
members as individual claimants rather than one claimant. Id. at 122. Under the plain
language of section 33.011(1), the term "claimant in section 33.012(b)(1) includes all family
members." Id. Likewise, the term "claimant" in section 33.012(a) must also include all
family members. The supreme court utilized the following reasoning in Drilex:

 If the Legislature had intended that each of the parties seeking recovery for
damages for the same person be treated as individual claimants, it could
easily have written the statute as follows: "In an action in which a party
seeks recovery of damages to another person . . . both that other person and
the party seeking recovery of damages are claimants." Instead, the
Legislature provided that "'claimant' includes both that other person and the
party seeking recovery of damages."

 Id. (emphasis in original) (quoting Tex. Civ. Prac. & Rem. Code Ann. § 33.011(1))

 The majority distinguishes Drilex on the basis that unlike the instant case, Drilex
involved a settlement credit issue. I believe that this is a distinction without a difference. 
The court in Drilex analyzed the definition of claimant under chapter 33. See id. That
definition is applicable to a wrongful death and survival action and applies here, as well.
See Tex. Civ. Prac. & Rem. Code Ann. § 33.011(1) (A)(B). Because the parents, wrongful
death beneficiaries, constitute a single claimant under the statute, their collective
responsibility, which was greater than fifty percent, precluded recovery under section
33.001. 

 I would depart from our previous holding in Sanchez v. Brownsville Sports Ctr. Inc.,
where this Court held that because each parent was entitled to recover for the death of a
child, each was a claimant. 51 S.W.3d 643, 656 (Tex. App.-Corpus Christi 2001), vacated
w.r.m. sub nom. Honda Motor Co. v. Sanchez, No. 01-1040, 2003 Tex. LEXIS 8, at *1(Tex. 
Feb. 6, 2003). In our original opinion, we relied on Avila v. St. Luke's Lutheran Hospital,
948 S.W.2d 841, 850 (Tex. App.-San Antonio 1992, writ denied), as authority for the
proposition that "although only one cause of action exists in this wrongful death case, each
of the parents is entitled to recover for the wrongful death of their son." Sanchez, 51
S.W.3d at 656. I agree with the proposition that each parent may recover for the wrongful
death of a child, but I do not think that it logically follows that they are separate claimants
under the statute when the plain language of the statute clearly states that a claimant
includes both that other person and the party seeking recovery. See Tex. Civ. Prac. &
Rem. Code Ann. § 33.0011(1). Avila concerned a second wrongful death suit brought by
a beneficiary who had not been a party to a first wrongful death suit that had been
previously adjudicated. Avila, 948 S.W.2d at 845. The Avila court determined that the
summary judgment should be reversed because the beneficiary in the second suit was not
in privity with the plaintiffs in the first action. Id. at 855. Avila did not resolve the issue of
who is a claimant under chapter 33. Seminole Pipeline v. Broad Leaf Partners, cited in
Sanchez, is also not on point. 979 S.W.2d 730 (Tex. App.-Houston [14th Dist.] 1998, no
pet.). It was not a wrongful death or survival case; rather, it dealt with property damaged
by an explosion. 

 I would overrule our prior decision in Sanchez, follow Drilex, as we are bound to do
as an intermediate court, and affirm the judgment of the trial court. 

 

 ROSE VELA

 Justice


Delivered and filed the 25th 

day of November, 2009.