

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-18-00275-CR
07-18-00276-CR

CHAD ERIC WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 73,105-A Counts I and II, Honorable Dan L. Schaap, Presiding

December 19, 2019

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Chad Eric Williams, appeals his convictions for the offenses of indecency with a child[1] and sexual assault of a child,[2] and resulting sentence of ten years' incarceration for each count. We affirm the judgment of the trial court.

---

[1] See TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2019).

[2] See TEX. PENAL CODE ANN. § 22.011(a)(2) (West Supp. 2019).

Factual and Procedural Background

On November 21, 2015, an officer with the Potter County Sheriff's Office responded to a call from Renee Williams alleging that her husband, appellant, was sexually abusing her fifteen-year-old daughter, A.H. When he arrived at the scene, appellant and A.H. approached the officer and stated that they were aware of the allegation of inappropriate conduct but that it was untrue. After speaking to Renee and gathering evidence from the residence, the officer took A.H. to the hospital for a sexual assault examination. The other family members, including appellant, were taken to the Sherriff's Office to be interviewed. Appellant denied any wrongdoing during his interview. A.H. denied having sex with appellant during the sexual assault examination, during a subsequent interview conducted at a children's advocacy center, and to the CPS investigator assigned to the case. Nonetheless, the physical evidence gathered during the sexual assault examination allowed the sheriff to obtain a search warrant to collect appellant's DNA. Testing revealed that appellant is a DNA match with semen found on A.H. during the sexual assault examination. In August of 2016, during counseling with Leigh Sexton, A.H. disclosed that appellant had sexually assaulted her. In December of 2016, appellant was indicted for indecency with a child and sexual assault of a child.

At trial, the court invoked Texas Rule of Evidence 614,[3] which requires that witnesses not be present in the courtroom when anyone else testifies. TEX. R. EVID. 614. The State requested that A.H.'s counselor, Sexton, be exempted from operation of the Rule because she would be testifying as an expert witness and would need to hear A.H.'s

---

[3] Texas Rule of Evidence 614 will be subsequently referred to as "the Rule."

testimony to form her opinion. Appellant objected generally, but the court allowed the exemption. A.H. testified that appellant had touched her inappropriately many times before things progressed to the two having sex. A.H. acknowledged that she had denied having sex with appellant to the officer on November 21, 2015, to the sexual assault nurse examiner, and to the interviewer at the children's advocacy center. She also acknowledged that she denied having sex with appellant to Sexton for months before eventually opening up about the abuse. Sexton's testimony was narrow and focused on Sexton's counseling sessions with A.H. She also explained that it is not uncommon for the victim of sexual assault to deny the sexual abuse, especially when the perpetrator is a family member. After hearing the evidence, the jury found appellant guilty of both offenses and, after hearing punishment evidence, sentenced appellant to ten years' incarceration for each offense. On the State's motion, the trial court ordered the sentences to run consecutively. From this judgment, appellant timely filed notice of appeal.

By his appeal, appellant presents one issue. Appellant contends that the trial court abused its discretion by permitting Sexton to remain in the courtroom during A.H.'s testimony after the Rule was invoked.

Law

The Rule provides for the sequestration of witnesses from the courtroom during trial. TEX. R. EVID. 614; *Harris v. State*, 122 S.W.3d 871, 882 (Tex. App.—Fort Worth 2003, pet. ref'd). The Rule prevents witnesses from tailoring their testimony to fit that of other witnesses and it enhances the jury's ability to detect falsehood by exposing

3

inconsistencies in testimony. *Allen v. State*, 436 S.W.3d 815, 822 (Tex. App.—Texarkana 2014, pet. ref'd). The Rule provides for four specific exceptions: (1) a party or the spouse of a party in a civil case, (2) an officer or employee of a legal entity named in the lawsuit who has been designated as the entity's representative, (3) a person whose presence is shown to be essential to the presentation of a party's case, or (4) the victim in a criminal case unless the victim is to testify and the court determines that the victim's testimony would be materially affected by hearing other trial testimony. TEX. R. EVID. 614. A party may seek an exemption under the Rule but that party bears the burden of showing that the exemption applies. *Allen*, 436 S.W.3d at 822. A conclusory statement that the witness's presence is "essential and necessary" is not sufficient to meet the burden to show that an exception applies. *Id.* at 823. A court's decision to allow a witness to remain in the courtroom after the Rule has been invoked is reviewed for abuse of discretion. *Franklin v. State*, 459 S.W.3d 670, 680 (Tex. App.—Texarkana 2015, pet. ref'd).

If a witness in violation of the Rule lacked personal knowledge of the offense and was only called to testify due to events occurring during trial, the trial court does not abuse its discretion in allowing the person to testify. *Harris*, 122 S.W.3d at 882. If, on the other hand, the witness that violated the Rule has personal knowledge of the offense and was clearly anticipated to be called at trial, we must then analyze the nature of that witness's testimony. *Guerra v. State*, 771 S.W.2d 453, 476 (Tex. Crim. App. 1988). It constitutes an abuse of discretion for the trial court to allow the testimony of a witness that violated the Rule if the witness's testimony contradicts the testimony that the witness heard (if the witness is testifying for the opposing side) or corroborates the testimony that was heard (if the witness is testifying for that side). *Id.* at 475. If the witness's testimony does not

corroborate or contradict the testimony of the witness that was heard, the trial court does not abuse its discretion in allowing the witness to testify. *Id.* at 475–76.

Analysis

In the present case, the State requested that Sexton be exempted from the Rule because she was to testify in her capacity as an expert and, consequently, it would assist her in forming her opinion if she were allowed to remain in the courtroom while A.H. testified. The ordinary rule is that a witness who is expected to testify in her capacity as an expert is exempt from the Rule. *Allen*, 436 S.W.3d at 823 (citing *Drilex Sys., Inc. v. Flores*, 1 S.W.3d 112, 119 n.4 (Tex. 1999)). However, an expert witness who testifies about personal knowledge of relevant facts should not be excused from the Rule. *Id.*

In the present case, a review of Sexton's testimony reflects that she did not have personal knowledge of the offenses for which appellant was being tried. Much of Sexton's testimony focused on why victims of sexual abuse often delay reporting the offense, especially when the perpetrator is the primary breadwinner for the family. She also testified that A.H.'s younger sisters never made an outcry contending that appellant was abusing them, but they did inform Sexton that appellant and A.H. exhibited odd behavior that indicated to the girls that something was wrong about their relationship. Sexton testified that A.H. eventually disclosed that appellant had sexually abused her, but Sexton did not testify about any of the facts of that disclosure. On cross-examination, appellant questioned Sexton only regarding her belief as to whether A.H. knows the consequences of telling a lie. Thus, under this record, we cannot conclude that the trial court abused its

discretion by exempting Sexton from operation of the Rule.  *See id.*; *Guerra*, 771 S.W.2d at 475–76.  Consequently, we overrule appellant's sole issue.

## Conclusion

Having overruled appellant's sole issue, we affirm the judgment of the trial court. *See* TEX. R. APP. P. 43.2(a).


Judy C. Parker
Justice


Do not publish.