

# Fourth Court of Appeals
## San Antonio, Texas

## CONCURRING AND DISSENTING OPINION

No. 04-18-00118-CV

Jesus **VIRLAR**, M.D. and GMG Health Systems Associates, P.A., a/k/a and d/b/a Gonzaba
Medical Group,
Appellants

v.

Jo Ann **PUENTE**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-04936
Honorable Norma Gonzales, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice
Concurring and Dissenting Opinion by: Sandee Bryan Marion, Chief Justice
Concurring and Dissenting Opinion by: Patricia O. Alvarez, Justice

Sitting:[1]      Sandee Bryan Marion, Chief Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice
              Irene Rios, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: February 5, 2020

I concur in the majority's opinion and judgment in all respects except as to the issue of the

settlement credit. Because I believe appellants are entitled to a dollar-for-dollar credit for the full

amount of the confidential settlement and such a credit would not result in an open courts violation,

---

[1] Justice Rebeca C. Martinez has recused herself from this appeal.

I would reverse and remand for the trial court to reduce the judgment by the full amount of the settlement. Accordingly, I respectfully dissent in part.

Puente, Puente's mother, and Puente's daughter C.P. asserted a health care liability claim against appellants and the hospital for negligently injuring Puente. C.P. sought loss of consortium damages. The hospital and C.P. entered into a confidential settlement agreement, and C.P., Puente, and Puente's mother subsequently nonsuited their claims against the hospital. Puente proceeded to trial against appellants and obtained a jury verdict in her favor. Appellants sought a settlement credit for the full amount of the confidential settlement with C.P., which the trial court denied. On appeal, Puente argues appellants are not entitled to any settlement credit because C.P.'s loss of consortium claim is "a separate and independent claim distinct from" Puente's claim and that application of the settlement credit would result in an open courts violation. I disagree with both arguments.

The crux of the dispute is whether C.P. is a "claimant" for whose claim appellants are entitled to a settlement credit under Civil Practice and Remedies Code sections 33.011 and 33.012. When interpreting a statute, we must "ascertain and give effect to the Legislature's intent as expressed by the language of the statute." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). "If the statutory text is unambiguous, [we] must adopt the interpretation supported by the statute's plain language unless that interpretation would lead to absurd results." *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 177 (Tex. 2004).

Section 33.012 provides: "[I]f the claimant in a health care liability claim filed under Chapter 74 has settled with one or more persons, the court shall further reduce the amount of damages to be recovered by the claimant . . . by an amount equal to the sum of the dollar amounts of all settlements . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 33.012(c). Section 33.011 defines

"claimant" to include *both* the injured person *and* "any person who is seeking, has sought, or could seek recovery of damages for the injury, harm, or death of" the injured person. *Id*. § 33.011(1). The statute's plain and unambiguous language does not distinguish between the injured person and a plaintiff seeking damages for that person's injury. Further, the statute does not carve out of the definition of "claimant" a plaintiff seeking damages the injured person could not recover herself, such as damages for loss of consortium.

Here, C.P. and Puente each pleaded the same claim—a health care liability claim. Although C.P. and Puente each sought different damages, both C.P.'s and Puente's damages arose from Puente's injury. And while the supreme court has characterized claims for loss of consortium as "separate and independent claims distinct from the underlying action," it nevertheless recognized they are "derivative" in the sense that a lost consortium plaintiff such as C.P. must establish a third party's "underlying injury in order to recover damages." *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 646 (Tex. 2009); *see also Reagan v. Vaughn*, 804 S.W.2d 463, 467 (Tex. 1990) ("[C]hildren may recover for loss of consortium when a third party causes serious, permanent, and disabling *injuries to their parent*." (emphasis added)). In other words, regardless of whether C.P.'s claim for loss of consortium is separate and independent from Puente's claims, both C.P. and Puente sought damages for the injury to Puente. Therefore, both C.P. and Puente are the "claimant" under section 33.011's plain language.

The supreme court's decision in *Drilex Systems, Inc. v. Flores*, 1 S.W.3d 112 (Tex. 1999), interpreting substantially similar language in the prior version of the statute, is consistent. In *Drilex*, the supreme court construed "claimant" to include every party seeking recovery for injury to the same person. *Id.* at 122. The court did not distinguish between a wholly derivative claim for damages versus a separate and independent claim for damages, such as for loss of consortium.

Rather, the court held that what unifies parties as one "claimant" is the fact that they are seeking damages arising from injury to the same person. Although the supreme court has criticized its holding in *Drilex*, it has not overruled it, nor has it held the *Drilex* analysis is inapplicable to loss of consortium claims. Therefore, in light of the plain language of sections 33.011 and 33.012 and *Drilex*, I would conclude that because C.P. is a "claimant" who "has settled with one or more persons," appellants are entitled to a dollar-for-dollar credit for the amount of C.P.'s confidential settlement.

I also disagree with the majority's conclusion that application of section 33.012 in this case results in an open courts violation. In *Lucas*, the supreme court held an arbitrary damages cap unconstitutionally restricted a health care liability claimant's right to redress for a common law claim. *Lucas v. United States*, 757 S.W.2d 687, 691 (Tex. 1988). Section 33.012, in contrast, does not restrict a health care liability claimant's recovery; rather, it requires every member of the claimant class to share in a single, but unrestricted, recovery for the underlying injury. Even if application of section 33.012 restricts an individual plaintiff's recovery, *Lucas* took issue with a statute that capped the damages recoverable for a common law claim. Here, as noted, Puente and C.P. are asserting the same health care liability claim, and section 33.012 neither caps nor otherwise restricts the damages recoverable for that claim.

For these reasons, I would sustain appellants' fourth issue and remand to the trial court with instructions to apply a credit in the full amount of the confidential settlement in accordance with section 33.012.

Sandee Bryan Marion, Chief Justice