**Dr. Randall Gary SAMPLES, Appellant,**

v.

**Tedrick GRAHAM and Lakisha Hebert, Appellees.**

No. 13–01–022–CV.

Court of Appeals of Texas, Corpus Christi.

March 28, 2002.

Jennifer House, Joe House, House & House, P.C., Houston, for Appellant.

Marsha A. Normand, Beaumont, Richard Schechter, Houston, for Appellee.

Before Justices DORSEY, YAÑEZ, and WITTIG [1].

## OPINION

DON WITTIG, Justice (Retired).

This is a case of statutory construction. The issue is the method of calculation of prejudgment interest under the Medical Liability and Insurance Improvement Act (MLIIA). TEX. REV. CIV. STAT. ANN., art. 4590i (Vernon Supp.2002). Prejudgment interest under MLIIA is unique because: 1) the interest calculation is allowed only on past damages; and 2) the statute requires the interest must be assessed on the past damages found. Appellant argues for the deduction of a settlement credit against the past damages found before calculating prejudgment interest. We agree with the trial court that the plain language of the statute requires prejudgment interest be assessed on the unreduced past damages found by the jury, and thus affirm the judgment.

### Background

Tedrick Graham and Lakisha Hebert (collectively, Graham) sued three healthcare defendants for the death of their son. Two defendants settled with Graham prior to trial for a total of $387,500. The third defendant, Dr. Gary Samples, did not set-

---

**1.** Retired Justice Don Wittig assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

tle, elected to take a credit for the dollar amount and proceeded to trial. *See* TEX. CIV. PRAC. & REM. CODE ANN. 33.012(b)(1) (Vernon 1997). The jury rendered a verdict of $400,000, which included $250,000 in past damages. This left Samples liable for $12,500 in damages after the settlement credit but before the calculation of prejudgment interest. Section 16.02(b) of the MLIIA states, in pertinent part, that "In a health care liability claim ... the judgment must include prejudgment interest on past damages found by the trier of fact, but shall not include prejudgment interest on future damages found by the trier of fact." TEX. REV. CIV. STAT. ANN., art. 4590i, § 16.02(b) (Vernon Supp.2002). In rendering its final judgment, the trial court calculated Samples's prejudgment interest liability on the past damages finding of $250,000. The total prejudgment interest award was $77,876.71. The trial court then deducted the settlement credit from the sum of the past damage finding and prejudgment interest.

## Discussion

■■■ The court's ultimate goal in construing a statute is to give effect to the legislature's intent as expressed in the language of the statute. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 892 (Tex.2000) (construing MLIIA provisions). When a statute is clear and unambiguous, we generally need not resort to rules of statutory construction to construe it. *In re the County of Jim Wells*, 52 S.W.3d 698, 702 (Tex.2001). But as the legislature permits, the court may still con-

sider a statute's legislative history, the consequences of a particular construction, and the statute's objectives, among other things. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998).

Both parties rely heavily on *Sisters of Charity v. Dunsmoor*, 832 S.W.2d 112 (Tex.App.—Austin 1992, writ denied). There, a similar question was presented: When a jury finds for the plaintiff, how is prejudgment interest calculated where two healthcare defendants settled before trial and the sole remaining defendant elected to take a dollar-for-dollar settlement credit? But *Dunsmoor* differs from this case in that it was determined prior to the MLIIA prejudgment interest statute. At the time, prejudgment interest was calculated under the general prejudgment interest statute. Then codified at Texas Revised Civil Statutes, article 5069–1.05, § 6(a),[2] it stated, in pertinent part:

> Judgments in wrongful death, personal injury, and property damage cases must include prejudgment interest. Except as provided by Subsection (b), 8), and (d) of this section, prejudgment interest accrues on the amount of the judgment....[3]

Pursuant to this provision, the *Dunsmoor* trial court assessed prejudgment interest on the entire verdict amount, then deducted the dollar-for-dollar credit. *Dunsmoor*, 832 S.W.2d at 114. The non-settling hospital-defendant appealed, arguing that because "the amount of the judgment" was the basis upon which to calculate prejudgment interest, the trial court should have reduced the amount of the

---

**2.** *See* Act of June 3, 1987, 70th Leg., 1st C.S., ch. 3, § 1, 1987 Tex. Gen. Laws 51, 51, *repealed by* Act of May 24, 1997, 75th Leg., R.S., ch. 1008, § 6(a), 1997 Tex. Gen. Laws 3091, 3602 (now codified at TEX. FIN. CODE ANN. § 304.102 (Vernon Supp.2002)).

**3.** In *C & H Nationwide v. Thompson*, 903 S.W.2d 315 (Tex.1994), the Texas Supreme Court interpreted this provision to mean that prejudgment interest was collectible on past and future damages. *Id.* at 327. The following year, apparently in response to *C & H*, the legislature added the special prejudgment interest section to the MLIIA.

verdict by the settlement credit before calculating prejudgment interest. *Id.* at 116.

The court of appeals first focused on the plain language of the statute: "Given the clear legislative mandate that prejudgment interest accrues on the 'judgment amount,' the only question before the district court in calculating the prejudgment interest was a determination of the appropriate 'judgment amount.'" *Id.* The court then noted that Civil Practice and Remedies Code section 33.012(b),[4] the comparative responsibility statute, states that "the amount of damages" shall be reduced by a credit when the claimant has settled with one or more persons. *Dunsmoor,* 832 S.W.2d at 117. In contrast, however, the prejudgment interest statute states that prejudgment interest accrues on "the amount of the judgment." *Id.* (citations omitted).

Recognizing the legislature's choice of language as critical, the court stated:

> This Court cannot ignore the legislature's use of the word "judgment," rather than "damages," in the prejudgment interest statute. This Court has stated that "the language in a statute is presumed to have been selected and used with care," and every word is presumed to have been intentionally used with meaning and purpose.

*Id.* (citations omitted).

Based on this analysis, it reversed the trial court, concluding: "The amount of damages in a judgment is obtained by reducing the jury verdict by any percentage of negligence attributable to the plaintiff(s) and then by any settlement credits due the remaining defendant(s)." *Id.*

■ Here, we are facially presented with a virtual mirror image of the *Dunsmoor* scenario. Notably, however, the legislature discarded the "amount of the judgment" basis for calculation of prejudgment interest and substituted "past damages found by the trier of fact." TEX. REV. CIV. STAT. ANN., art. 4590i, § 16.02(b) (Vernon Supp.2002).

Samples argues that the legislature's use of the term "damages" in the MLIIA rather than "judgment" did not signify its intent to change the method of calculating prejudgment interest (as established under the general prejudgment interest statute and *Dunsmoor*). Rather, he claims, since the legislature was no longer allowing an award of prejudgment interest on the entire judgment, the use of the term "damages" was merely the most sensible way of separating the future damage portion of the award from the past damage portion of the judgment. Thus, he argues, the procedure for determining prejudgment interest should remain unchanged.

Was the legislature's change of terminology from "judgment" to "damages as found by the trier of fact" meaningless? We think not. First, as did the court in *Dunsmoor,* we give great weight to the presumption that the "the language in a statute is presumed to have been selected and used with care," and "every word is presumed to have been intentionally used with meaning and purpose." *Dunsmoor,* 832 S.W.2d at 117. Further, we find that the presumption that the legislature meant precisely what it said is greatly strengthened by additional factors.

First, as Graham points out, the legislative history reveals that in the original bill,

---

4. "If the claimant has settled with one or more persons, the court shall further reduce the amount of damages to be recovered by the claimant with respect to a cause of action by a credit equal to ... the sum of the dollar amounts of all settlements." TEX. CIV. PRAC. & REM. CODE ANN. § 33.012 (Vernon 1997).

the legislature used the term "judgment." HB 971 provided that:

> In an action on a healthcare liability claim, a court may not award prejudgment interest for any part of a judgment attributable to damages awarded to compensate the claimant for loss the claimant will incur after the date of the judgment, including loss for future medical and other expenses, future loss of earning capacity or other wages, future pain and suffering, future mental anguish and suffering, future loss of consortium, and future loss associated with disfigurement.

TEX. H.B. 971, 74th Leg., R.S. (1995). This version would have amended the general prejudgment interest statute, instead of its final revised placement in the MLIIA.

But this language was left to languish in committee, where it died. It was replaced with the version that was enacted into law and is now before us for construction. That this change occurred further indicates that the language was chosen not by accident, but was the result of careful deliberation, compromise, and a balancing of interests.[5]

Another reason we believe the legislature meant exactly what it said is that it chose this language after *Dunsmoor*. Thus, we presume it was aware that in the context of calculating prejudgment interest in a healthcare liability claim, the courts treated the term "damages" substantively different than "judgment" and that, by the use of the terms it chose, the legislature expected those terms to be construed consistently with previous holdings. *See Phillips v. Beaber*, 995 S.W.2d 655, 658 (Tex. 1999) (the legislature is presumed to have

acted with knowledge of cases interpreting a statute).

In sum, then, in construing the MLIIA prejudgment provision, we are confronted with three factors that strongly support Graham's construction:

1. The legislature considered and rejected assessment of prejudgment interest on the portion of the "judgment" attributable to past damages.
2. The legislature chose its words aware of the *Dunsmoor* court's emphasis on the material difference between the term "damages found by the trier of fact" and "judgment."
3. The legislature's clearly articulated words, "the judgment must include prejudgment interest on past damages found by the trier of fact," plainly command that prejudgment interest be calculated on that amount.

Samples makes several additional counter arguments. First, he claims that by settling with the other defendants, Graham bargained away the right to collect prejudgment interest on those amounts, as the court found in *Dunsmoor*. *Dunsmoor*, 832 S.W.2d at 117. But, as discussed, the court in *Dunsmoor* was construing a statute that only awarded prejudgment interest "on the judgment." *Id.* Here, the statute clearly requires an award of prejudgment interest on the past damages finding. Moreover, the *Dunsmoor* court explicitly anticipated that a different result might obtain where the legislature employed the language it did here. *Id.*

■ Next, Samples asserts that allowing Graham to recover prejudgment interest on settled amounts violates the one-satisfaction rule. We disagree. First, we

---

5. In view of this, if we were to accept Samples's argument that the use of the term "damages found by the trier of fact" was without significance, we would be giving effect to a rejected approach, and rejecting the appropriated approach.

note that the one-satisfaction rule is a creation of the common law. *See Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 5 (Tex.1991). Here, the provision governing recovery is statutory and it plainly dictates the plaintiff recover prejudgment interest on the factfinder's past damages award. Thus, under this statute, the plaintiff is not making a double recovery because he is only recovering those damages authorized by the statute. Stated otherwise, the full measure of damages as defined by statute is not determined until after prejudgment interest is assessed on past damages; thus, a plaintiff would be denied his full recovery if the prejudgment interest were not calculated on the entire amount.

■ Samples also claims that calculating prejudgment interest on the entire past damages award is inconsistent with Civil Practice and Remedies Code section 33.012. We see no such problem. By calculating the amount of prejudgment interest on the past damages found by the trier of fact under the MLIIA, then deducting the section 33.012 settlement, the two statutes operate consistently and harmoniously.[6]

■ Finally, Samples argues that allowing Graham to recover prejudgment interest on damages for which he has already recovered and for which Samples is not liable presents an "absurd scenario" because Samples was required to pay interest on amounts for which he was not held liable. We cannot say the legislature prescribed an absurd scenario.

First, it is important to note that the legislature provides a mechanism and incentive for the healthcare defendant such as Samples to avoid paying prejudgment interest altogether by settling the claim within 180 days.[7] Additionally, the MLIIA reflects numerous measures the legislature took to minimize the liability of healthcare defendants. Among other things, the MLIIA is unique under Texas law in that it, for example, prohibits any prejudgment interest on future damages,[8] provides for the plaintiff to post a significant cost bond,[9] and places a $500,000 cap on certain damages (within which prejudgment interest must be included).[10] But the legislative process is not necessarily a one-sided affair. As we alluded to above, legislation often is the result of compromise and a balancing of interests among diverse and competing constituencies representing not only the interests of healthcare entities, but those of injured patients as well. *See American Home Prod. Corp. v. Clark,* 38 S.W.3d 92, 97 (Tex.2000) (recognizing statutory scheme at issue as reflecting a carefully crafted legislative compromise between plaintiffs' and defendants' conflicting interests). In this light, considering that the MLIIA provides significant protections to healthcare defendants, and significantly restricts damages available to injured patients, we do not perceive that allowing prevailing plaintiffs to recover prejudgment interest only on a statutorily limited measure of past damages found by the jury presents an absurd scenario.

**6.** In any event, because the MLIIA is specific to healthcare cases, it controls over the more general statutes. *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 901 (Tex.2000).

**7.** *See* TEX. REV. CIV. STAT. ANN., art. 4590i, § 16.02(a) (Vernon Supp.2002). Similarly, if the defendant does not effect a settlement, as

in any lawsuit, he takes the risk of paying a judgment larger than he anticipated.

**8.** *Id.* at § 16.02(b).

**9.** *Id.* at § 13.01.

**10.** *Id.* at § 11.02(a).

In sum, we can no more ignore the legislature's choice of words in this case than the Austin court did in *Dunsmoor.* We are bound to follow the plain language of the statute, especially given that the legislature considered and rejected language that would lead to a contrary result. We therefore hold that the trial court properly calculated the award of prejudgment interest on the "past damages found by the trier of fact." The judgment of the trial court is affirmed.