IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 02-0701
════════════
 
Carl J. Battaglia, M.D., P.A., and Tommy A. Polk, M.D., P.A., 
Petitioners,
 
v.
 
Lisa Jones Alexander, 
Individually and as Natural Representative of the Estate of Mark G. Alexander, 
Deceased, James Alexander, Individually, and Ruby Alexander, Individually, 
Respondents
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Fourteenth District 
of Texas
════════════════════════════════════════════════════
 
 
Argued October 15, 
2003
 
 
Justice Brister, joined by Chief Justice Jefferson, and by Justice O’Neill, concurring in part and 
dissenting in part.
 
 
            
I join fully in the Court’s opinion except that relating to part IV. The 
question there is whether to calculate prejudgment interest under former article 
4590i, section 16.02,[1] 
before or after applying settlement credits. Because the statute unambiguously 
requires the former, we should affirm; because the Court construes the statute 
otherwise, I respectfully dissent. 
Part (a) of 
former section 16.02 says prejudgment interest “may not be charged” on claims 
settled within 180 days of notice of claim; part (b) says that in all other 
cases “the judgment must include prejudgment interest on past damages 
found by the trier of fact.”[2] 
The settlement here occurred after the 180-day window, so part (b) governs. 
That part 
mandates “prejudgment interest on past damages found by the trier of fact,” and there is nothing ambiguous about that. 
It cannot include settlement credits, as jurors are not informed of settlements 
and make no such credits. Three courts of appeals have so construed this 
statute,[3] 
and we have so construed the same language in a different statute only two years 
ago in Roberts v. Williamson C 
that “damages found by the trier of fact” means the 
jury’s verdict before settlement credits.[4] 
Unless the statute is unconstitutional (which no one suggests), it is irrelevant 
that we think this might be too much or too little, or that we would calculate 
interest some better way.
The 
defendants attempt to create an ambiguity by arguing that (1) section 
16.02(d)(1) defines “past damages” as damages “awarded” to the claimant for 
pre-judgment losses,[5] 
(2) only the final judgment makes an “award,” and thus (3) interest should be 
calculated on the final judgment after deducting settlement credits rather than 
on the jury verdict. 
But the 
second step of this argument is flawed, because the Legislature sometimes uses 
“award” to refer to a jury’s verdict.[6] 
Thus, an “award” can mean either the jury verdict or the final 
judgment, but “damages found by the trier of fact” can 
mean only the former. Construing this statute to harmonize all its 
parts,[7] 
we must construe the ambiguous term (“award”) to mean the same as the 
unambiguous one (the verdict).
The Court 
looks instead to how we have treated interest in other cases, contexts, and 
statutes. But our cases on interest are all over the map; there has never been a 
single rule for calculating prejudgment interest. The Court overrules some of 
those that get in the way, because either the briefing was “scant” or we did not 
“focus” on the issue. This much recalibrating shows that in fact there is no 
standard way to calculate interest.
Nor is this 
statute completely silent (as the Court says) about how settlement credits are 
to be taken into account. Section 16.02(a) provides a 180-day window during 
which claims can be settled and “prejudgment interest may not be charged.” 
Section 16.02(b) provides that if settlement occurs thereafter, prejudgment 
interest “must” be charged. Interest can be charged in cases of late settlements 
but not early ones only if early settlements are 
deducted before calculating prejudgment interest, while those 
occurring thereafter are not.[8]
The Court 
holds that all settlements must be deducted before calculating prejudgment 
interest, regardless of when those settlements occur. As a result, it makes no 
difference whether the settlement was before or after the 180-day window. But 
the Legislature created a window, not a hole; after 180 days, something has to 
close.[9]
It is true 
that the Legislature’s creation leads to somewhat incongruous results the 
earlier a settlement takes place. If a settlement occurs years after the 
original occurrence, a claimant certainly has lost the use of money in the 
interim. But if a settlement occurs early on, that is not the case. 
Nevertheless, except for settlements within the first 180 days, section 16.02 
makes no exceptions. This may be rather rough justice, but it is the only way to 
give effect to the statute’s “window.” “No human document has ever been written 
or can be written that will meet every conceivable contingency.”[10] 
In reality, medical expenses may be incurred, pain suffered, and wages lost 
throughout the entire pretrial period. Perhaps a “pure” calculation of 
prejudgment interest would measure interest at daily rates on each dollar of 
damage from the day it was incurred until the day it was retired. Compared to 
that, the Court’s assumption that all past damages occur on the day of injury is 
rather rough justice, too. The Legislature is not required to draft perfect 
statutes with logical consistency in every application.[11] 

Moreover, 
compensating the plaintiff is not the only goal of prejudgment interest; the 
Legislature has constitutional discretion to award prejudgment interest for the 
purpose of expediting settlement and trial as well.[12] 
Even this Court countenanced a bit of overcompensation when it created 
prejudgment interest almost twenty years ago.[13] 

The 
Legislature was entitled to make policy choices and compromises in the manner 
and means of calculating prejudgment interest. Although construing section 16.02 
literally may occasionally yield harsh results, that does not entitle us to 
construe it otherwise.[14]
There may be 
circumstances in which the plain meaning of words would lead to a result so 
absurd the Legislature almost certainly could not have intended it.[15] 
But that is not the case here. Because this expired statute required prejudgment 
interest to be calculated on the jury’s verdict for past damages (assuming no 
settlements occurred in the first 180 days), that is what we should do. Because 
the Court deducts settlement credits first, to that extent I respectfully 
dissent. 
 
            
______________________________
Scott 
Brister
Justice
 
 
OPINION 
DELIVERED: May 27, 2005




[1] Act of May 18, 1995, 74th Leg., R.S., ch. 140, ' 3, 1995 Tex. Gen. Laws 985, 988-89 (formerly codified 
at Tex. Rev. Civ. Stat. Ann. art. 4590i, § 16.02), amended by 
Act of June 20, 1997, 75th Leg., R.S., ch. 1396, § 
45, 1997 Tex. Gen. Laws 5249, repealed by Act of June 2, 2003, 78th Leg., 
R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 864, 
884.

[2] Act of May 18, 1995, 74th Leg., R.S., ch. 140, § 3, 1995 Tex. Gen. Laws 985, 988-89 (repealed 
2003).

[3] See Cresthaven Nursing 
Residence v. Freeman, 134 S.W.3d 214, 222 (Tex. App.CAmarillo 2003, no pet.); Battaglia v. Alexander, 93 S.W.3d 132, 147-148 
(Tex. App.CHouston [14th Dist.] 2003, pet. granted); Samples v. 
Graham, 76 S.W.3d 615, 619‑20 (Tex. App.CCorpus Christi 2002, no 
pet.).

[4] Roberts v. Williamson, 111 S.W.3d 113, 122-23 
(Tex. 2003) (construing proportionate responsibility statute’s “damages found by 
the trier of fact” to mean jury verdict before 
reduction by settlement credits or claimant’s 
responsibility).

[5] See Act of May 18, 1995, 74th Leg., R.S., ch. 140, § 3, 1995 Tex. Gen. Laws 985, 988-89 (repealed 
2003).

[6] See Tex. 
Civ. Prac. & Rem. Code § 71.010(a) (“The jury may award damages 
in an amount proportionate to the injury resulting from the death.”) 
(emphasis added); Tex. Occ. Code § 154.006(b)(16) (providing that physician 
profiles must include description of medical malpractice judgments in which “a 
jury awarded monetary damages to the claimant”) (emphasis 
added).

[7] F.F.P. Operating Partners, L.P. v. Duenez, ___ S.W.3d ___, ___ (Tex. 
2004).

[8] The Court says section 16.02 is a “carrot-stick” that 
applies only to a defendant who settles. ___ S.W.3d at ___. But settling 
defendants do not pay interest; they pay a settlement amount, and neither this 
statute nor any other tacks on an interest component to settlement agreements. 
Further, the section actually says that prejudgment interest may not be charged 
“with respect to a defendant” who settles before the 181st day; interest 
charged with respect to a settling defendant certainly can be assessed against 
nonsettling ones.

[9] The Court also says this construction would mean 
calculating interest without any adjustment for comparative responsibility. Of 
course, comparative responsibility C unlike settlement credits C is a matter found by the trier-of-fact; but the absence of any such finding in this 
case would make addressing it here advisory.

[10] Cramer v. Sheppard, 167 S.W.2d 147, 155 (Tex. 
1942).

[11] See Lawrence v. Texas, 539 U.S. 558, 604 (2003) 
(Scalia, J., dissenting) (“One of the benefits of 
leaving regulation of this matter to the people rather than to the courts is 
that the people, unlike judges, need not carry things to their logical 
conclusion.”).

[12] C & H Nationwide, Inc. v. Thompson, 903 
S.W.2d 315, 326-27 (Tex. 1994); Cavnar v. 
Quality Control Parking, Inc., 696 S.W.2d 549, 554 (Tex. 
1985).

[13] Cavnar, 696 S.W.2d at 
555 (noting that forcing litigants “to determine precisely when each element of 
a plaintiff’s damage award was incurred would impose an onerous burden on both 
the trial bench and bar”).

[14] Drilex Sys., Inc. 
v. Flores, 1 S.W.3d 112, 123 (Tex. 1999).

[15] Bridgestone/Firestone, Inc. v. Glyn‑Jones, 878 S.W.2d 132, 135 (Tex. 1994) (Hecht, J., 
concurring).